[881 NYS2d 494]

In the Matter of MARISE ROBERGEAU, a Suspended Attorney. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 23, 2009

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn (*Kathryn Donnelly Gur-Arie* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated November 7, 2007: (1) the respondent was suspended from the practice of law, pursuant to 22 NYCRR 691.4 (l) (1) (i), upon a finding that she was guilty of misconduct immediately threatening the public interest in that she failed to submit written answers to complaints of professional misconduct filed against her; (2) the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) was authorized to institute and prosecute a disciplinary proceeding against her based upon the allegations set forth in a petition dated May 23, 2007, which was served on the respondent by substituted service, along with a copy of the order to show cause; (3) the respondent was directed to answer the petition, and (4) the issues raised by the petition and any answer interposed thereto were referred to the Honorable Herbert Altman, a retired Acting Supreme Court Justice, as Special Referee to hear and report.

The Grievance Committee now moves for an order adjudicating the respondent in default, based upon her failure to answer the petition within the time frame set forth by the Court in its order of November 7, 2007, to deem the charge set forth in the petition established, and to impose discipline on the respondent. The petition contains one charge against the respondent, namely, that she failed to cooperate with the petitioner in legitimate investigations into complaints of her professional misconduct.

On June 4, 2007, the respondent was served by substituted service with the Grievance Committee's motion by order to show cause for an immediate suspension, along with the petition, and accompanying papers. An order to show cause, permitting substituted service of the respondent at her home address, 3708 Oceanic Avenue, Brooklyn, NY 11224, was signed by Presiding Justice Prudenti on May 30, 2007. The respondent did not submit a response.

On November 16, 2007, the Grievance Committee's investigator, Louis Romaine, served the respondent with a copy of the decision and order dated November 7, 2007, in the same manner as set forth in the order to show cause dated May 30, 2007, which consisted of affixing a copy of the decision and order to the door of respondent's personal residence, as then listed with the Office of Court Administration, and mailing a copy of the same to the same address.

The respondent failed to submit an answer to the petition or make an application for an extension of time in which to answer.

The United States Postal Service returned to the Grievance Committee the unopened envelope containing the decision and order, mailed to the 3708 Oceanic Avenue address. The envelope bore a notation "Not at this address."

Since there was some uncertainty that the respondent actually had received the decision and order dated November 7, 2007, the Grievance Committee made additional attempts to locate the respondent and personally serve her. After those additional attempts failed, the Grievance Committee made another application to the Court for substituted service, detailing its efforts to locate the respondent and providing the respondent's latest contact information.

In an order dated November 13, 2008, Presiding Justice Prudenti authorized substituted service of the decision and order dated November 7, 2007, by mailing it to respondent at 1374 Dean Street, 2nd Floor, Brooklyn, NY 11216 by regular and certified mail, return receipt requested, and by affixing a copy of the order to the door of the respondent's residence at the same address.

On November 19, 2008, the respondent was served with the decision and order dated November 7, 2007 by substituted service in the manner set forth in the November 13, 2008 order.

To date, the respondent has failed to serve an answer to the petition or to correspond in any way.

The instant motion to adjudicate the respondent in default was served on the respondent by substituted service on January 5, 2009. No response or request for an extension of time in which to reply has been received.

Accordingly, the Grievance Committee's motion is granted, upon the respondent's default, the charge in the petition is deemed established and, effective immediately, the respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and BALKIN, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Marise Robergeau, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Marise Robergeau, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Marise Robergeau, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Marise Robergeau, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).